UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL JACKSON,

    Plaintiff,

v.                                                           Case No. 12-CV-377

SHERIFF BRADLEY G. GEHRING,
GUARD WILSON, and GUARD STREEN,

    Defendants.

## SCREENING ORDER

The plaintiff, Daniel Jackson, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The plaintiff was confined at the Outagamie County Jail when he filed the complaint and, therefore, the Prison Litigation Reform Act applies to this case. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). (It appears that he has since been released as he now resides at a street address in Green Bay, Wisconsin.) The plaintiff lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex*

*rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was confined at the Outagamie County Jail at all times relevant. He is suing Outagamie County Sheriff Bradley Gehring, Guard Lance Wilson, and Guard Streen.

According to the complaint, on March 24, 2012, defendants Guard Streen and Guard Wilson terminated the plaintiff's visit for no reason. While returning the plaintiff to his cell, Guards Streen and Wilson restrained him with a restraint belt connected to a pair of metal handcuffs. They intentionally and forcefully pulled the restraint belt which in turn pulled on the cuffs on the plaintiff's wrists. Guards Streen and Wilson applied malicious and sadistic excessive force, and the pain was so great it caused the plaintiff to temporarily black-out. He suffered a "very deep" laceration about his left wrist, has no feeling in his wrists, and does not have full range of movement in either hand. Guard Wilson denied the plaintiff medical attention. He then told the plaintiff that the surveillance video of he and Guard Streen assaulting the plaintiff would be destroyed. The plaintiff told Sheriff Gehring that he fears for his life and limb, yet he continues to get injured.

The plaintiff claims that the defendants' actions violated his rights under the Eighth and Fourteenth Amendments. He seeks monetary damages.

Although not entirely clear, it appears that the plaintiff was a pretrial detainee at all times relevant. If he was, his excessive force claim falls under the Fourteenth Amendment rather than the Eighth Amendment. *See Forrest v. Prine*, 620 F.3d 739, 743-44 (7th Cir. 2010). However, courts borrow the Eighth Amendment standard to analyze such claims. *Id.* at 744. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In cases involving the use of excessive force, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. Factors in determining whether the use of force was wanton and unnecessary include "the need for an application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

The plaintiff's medical care claim also arises under the Due Process Clause of the Fourteenth Amendment, which affords pretrial detainees the same protection against deliberate indifference as the Eighth Amendment guarantees to the convicted. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012). A claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle*, ___ F.3d ___, 2012 WL 1660975 at *4 (7th Cir. May 14, 2012) (quoting *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)).

The plaintiff may proceed on an excessive force claim against defendants Wilson and Streen based on allegations that they pulled on the restraint belt with sadistic and malicious force causing injury to the plaintiff. He may also proceed on a deliberate indifference to a serious medical need claim against defendant Wilson based on allegations that Wilson denied the plaintiff medical attention. Finally, the plaintiff may proceed against Sheriff Gehring based on allegations that he

4

knew of a risk to the plaintiff's safety but failed to take any action. *See Santiago v. Walls*, 599 F.3d 749, 759 (7th Cir. 2010).

## Additional Matters

The plaintiff has filed a motion for official service of process in which requests that the United States Marshals Service serve the defendants. Because the plaintiff is proceeding in forma pauperis, the Marshals Service is required to serve the defendants. *See* Fed. R. Civ. P. 4(c)(3). Thus, while the plaintiff's motion is not necessary, it will be granted.

The plaintiff has also filed a motion for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has not provided any indication that he unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself. Accordingly, the plaintiff's motion for appointment of counsel will be denied.

Finally, the plaintiff has filed "Complaint for Injunction/TRO" by which he seeks release from the Outagamie County Jail for a period of five years based on how the defendants, and other officials, treat him at the Jail. The court construes this filing as a motion for a preliminary injunction. To prevail on a motion for a preliminary injunction, the plaintiff shoulders the burden of establishing: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the defendants will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Ill. Dep't of Fin. and Prof'l Reg.*, 430 F.3d 432, 437 (7th Cir. 2005); *see also Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002) and *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). The balancing for this test involves a sliding scale analysis: the greater the plaintiff's chances of success on the merits, the less strong a showing he must make that the balance of harm is in his favor. *Storck v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994).

Here, at this early stage of the proceedings, the plaintiff has not demonstrated a reasonable likelihood of success on the merits. Moreover, he is no longer confined at the Outagamie County Jail and therefore his request for injunctive relief is moot. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Therefore,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for service of process (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for preliminary injunction and temporary restraining order (Docket No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff pay the balance of the filing fee ($350.00) to the Clerk of Court.

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Nancy Joseph
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 11th day of June, 2012.

BY THE COURT:

s/ *NANCY JOSEPH*
NANCY JOSEPH
United States Magistrate Judge