# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL JACKSON,**

    **Plaintiff,**

    v.                                         Case No. 12-CV-377

**SHERIFF BRADLEY G. GEHRING,**
**GUARD LANCE WILSON, and GUARD STREEN,**

    **Defendants.**

## ORDER

On October 28, 2012, defendants filed a motion to compel plaintiff to sign a medical authorization directed to Outagamie County Jail Medical or, in the alternative, to dismiss this action for failure to prosecute.[1] They assert that counsel has asked plaintiff for a release of his medical records from the Outagamie County Jail on four occasions. Plaintiff has not provided defendants a release for his records at Outagamie County Jail. He has also not responded to defendants' motion to compel or motion to dismiss for failure to prosecute.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The medical records are relevant to plaintiff's claim that defendant Wilson denied him medical attention at the Outagamie County Jail.[2] While plaintiff has a constitutional interest in protecting the confidentiality of

---

[1] On November 19, 2012, defendants filed a motion to dismiss for failure to prosecute and a motion for summary judgment.

[2] In another case plaintiff filed in this court, Jackson v. Enneper, Case Number 12-cv-00147-LA, he provided his Outagamie County Jail medical records to one set of defendants, but not to the other defendants. That case was dismissed for failure to prosecute on November 19, 2012.

his medical records, see Whalen v. Roe, 429 U.S. 589 (1977), he waived that interest when he filed suit alleging that defendant Wilson violated his constitutional rights by denying him medical attention at the jail. See e.g., Doe v. Marsh, 918 F. Supp. 580, 585 (N.D. N.Y. 1996). Finally, plaintiff's failure to respond to defendants' motions is sufficient cause to grant the motion. See Civil L. R. 7 (E.D. Wis.).

**IT IS THEREFORE ORDERED** that defendants' motion to compel (Docket #22) is **GRANTED**. Plaintiff shall provide defendants and their counsel with a release for his medical records by **December 14, 2012**. If plaintiff fails to do so, I will dismiss this action with prejudice for lack of prosecution.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for failure to prosecute (Docket #26) is **DENIED WITHOUT PREJUDICE**. If plaintiff does not provide defendants with a release for his medical records by December 14, 2012, the defendants may inform the court, and at that time the court will dismiss this action with prejudice for lack of prosecution.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2012.

s/ Lynn Adelman

LYNN ADELMAN
District Judge